

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-3-2009

# Wells v. Varner

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-3752

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Wells v. Varner" (2009). *2009 Decisions.* Paper 871.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/871

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

RODNEY WELLS,

                        Appellant

v.

BEN VARNER; THE DISTRICT ATTORNEY
OF THE COUNTY OF PHILADELPHIA; THE
ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 03-CV-00727)
District Judge:  Honorable Jan E. Dubois

_____

Before: BARRY, SMITH and GARTH, <u>Circuit</u> <u>Judges</u>

_____

**SUR PETITION FOR PANEL REHEARING**

_____

The petition for panel rehearing filed by Appellant having been submitted to the judges who participated in the decision of this court and are not recused, it is hereby ORDERED that the petition for panel rehearing is GRANTED.  The opinion and judgment filed May 14, 2009 are hereby VACATED.

The Clerk is requested to appoint a member of this Court's bar as *amicus curiae* on behalf of Appellant.  On March 22, 2004, a Certificate of Appealability was granted by this Court on a single issue and therefore amicus counsel's representation is limited to the following issues:

(1) whether Wells is "actually innocent" of his offense under Pennsylvania's Corrupt Organizations Act, 18 Pa. C.S. § 911, because he claims his conduct involved only wholly illegitimate businesses.  See Commonwealth v. Besch, 674 A.2d 655 (Pa. 1996) (holding that the PCOA, as originally enacted, does not apply to conduct involving only wholly illegitimate businesses); Kendrick v. Att'y Gen. of Phil. County, 488 F.3d 217 (3d Cir. 2007) (holding that Besch applies retroactively to cases on collateral review because it did not establish a new rule of law); and

(2) what effect, if any, would the panel's decision have on Wells's sentence.

The Clerk is further requested to issue a new briefing schedule and, upon completion of briefing, to calendar this appeal before the next available regular merits panel.


By the Court,

/s/ Leonard I. Garth
Circuit Judge




Dated:       August 3, 2009
SLC/cc:    Rodney Wells
                 Thomas W. Dolgenos
                 Anne Palmer